UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NYCERE BEY, | ) |
| Petitioner, | ) |
| v. | ) No. 4:18-cv-494-NAB |
| JULIA CHILDREY, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion for reconsideration filed by petitioner Nycere Bey. The motion will be denied.

Petitioner commenced this action in this Court on April 2, 2018 by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. At that time, petitioner was a pretrial detainee at the St. Louis County Justice Center, awaiting trial on charges of trespassing, property damage, forgery, filing a property lien to harass/defraud, and tampering with a judicial officer. In the petition, he essentially sought to bestow sovereign immunity upon himself, and he argued that the State of Missouri lacked authority to prosecute or detain him. As relief, he asked this Court to release him from state custody and dismiss certain state court cases. On April 3, 2018, this Court dismissed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner filed the instant motion, titled "Post Answer Abstract and Default Judgment," on April 16, 2018. Therein, he writes: "The writ of habeas corpus is sustained on the following merits." (Docket No. 7 at 1). He then avers that an unrebutted affidavit is the judgment in any

case, that the respondent is a legal fiction, and that "affiant is the sole authority to adjudicate these matters." *Id.*

The Court construes the instant document as a motion for reconsideration filed pursuant to Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoting *U.S. v. Young*, 806 F.2d 805, 806 (8th Cir. 1987)). Rule 59(e) and Rule 60(b) are analyzed identically. *Metropolitan St. Louis Sewer Dist.*, 440 F.3d at 935 n.3.

To the extent plaintiff can be understood to seek reconsideration of this Court's dismissal of his case, the motion is meritless. Plaintiff fails to point to any manifest errors of law or fact or any newly discovered evidence, and he fails to set forth any exceptional circumstances justifying relief. The motion will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration (Docket No. 7) is **DENIED.**

**IT IS FURTHER ORDERED** that a certificate of appealability shall not issue.

Dated this ___16th___ day of May, 2018.


                                          \s\  Jean C. Hamilton
                                          JEAN C. HAMILTON
                                          UNITED STATES DISTRICT JUDGE